IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-110-H
No. 5:11-CV-117-H

ROBERT JOHNSON,    )
                   )
    Petitioner,    )
                   )
                   )
                   )
V.                 )          ORDER
                   )
                   )
                   )
UNITED STATES OF AMERICA,  )
                   )
    Respondent.    )


This matter is before the court on the government's motion to dismiss petitioner's motion to vacate brought pursuant to 28 U.S.C. § 2255. Petitioner has responded and has also filed a motion to refer this matter to the magistrate judge for findings of fact and conclusions of law pursuant to 28 U.S.C. § 636. These matters are ripe for adjudication.

## BACKGROUND

On August 1, 2005, petitioner pled guilty, pursuant to a written plea agreement, to one count of transporting child pornography, one count of receiving child pornography, and one count of possession of child pornography. On November 28, 2005, petitioner filed a sentencing memorandum with the court. After granting a variance, this court sentenced petitioner to 144

months of imprisonment on December 6, 2006. On July 18, 2007, a panel of the United States Court of Appeals for the Fourth Circuit vacated this court's judgment and remanded the matter for resentencing. See United States v. Johnson, 06-4078 (4th Cir. 2007). In connection with the resentencing, petitioner's counsel submitted a sentencing memorandum on March 5, 2008, along with 28 exhibits. At the resentencing proceeding, the court sentenced petitioner to 216 months of imprisonment. Petitioner appealed, and the Fourth Circuit dismissed the appeal, finding that "Johnson knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issues raised on appeal fall within the scope of the waiver." United States v. Johnson, 08-4759 (4th Cir. 2009). Although petitioner received an extension until March 3, 2010, to file a petition for writ of certiorari with the Supreme Court of the United States, he never filed such a petition.

Petitioner initially filed this petition with the United States District Court for the Southern District of Florida. The clerk returned the petition to petitioner with instructions to file with this court, the court that sentenced him. Petitioner filed the instant petition with this court on March 15, 2011.

2

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment became final on March 3, 2010, so he had until March 3, 2011 to file his § 2255 motion with this court. Although he filed his petition with the Southern District of Florida on March 3, 2011, he did not file with this court until March 15, 2011, after the one-year limitations period had expired. Petitioner argues for equitable tolling in light of the fact that the forms he received from his attorney

3

erroneously indicated "Southern District of Florida" on the forms. The limitation period set forth in § 2255 may be tolled only "where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The court finds that petitioner attempted to comply with the instructions he received from his attorney to the best of his ability. Additionally, when he received notice from the Southern District of Florida that he had sent his petition to the wrong court, he quickly mailed his petition to this court. The court finds that it would be unconscionable to enforce the statute of limitations in this matter and finds his petition timely filed.

Turning to the substance of the petition, the government argues that his allegations for ineffective assistance of counsel fail to state a claim for which relief may be granted.

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional

4

assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner raises four grounds for relief: (1) that his counsel was ineffective in advising him to enter into a written plea agreement; (2) that his counsel on appeal and re-sentencing was ineffective for failing to move to withdraw his plea agreement; (3) that his counsel was ineffective for failing to call an expert witness at his sentencing hearing; and, (4) that his counsel was ineffective because he was not prepared for re-sentencing before this court.

In petitioner's first claim, he argues that the plea agreement his attorney advised him to enter into contained no benefit to him. In his second claim, he advises that his attorney on appeal and resentencing, who allegedly informed him that the plea agreement was of no real benefit to him, should have moved to set aside or withdraw the plea agreement. However, at the Rule 11 hearing, petitioner under oath affirmed, in response to this court's questions, that he had "discussed [his] case with [his] lawyer and was "satisfied with [his] attorney's] legal advice and counsel to and with [him]." (See Rule 11 Hr'g Tr., Exhibit A to Govt's Mot. to Dismiss at 8 ("Ex.

5

A").) This court also specifically questioned petitioner about his understanding of the written plea agreement, about whether anyone threatened or forced him to plead guilty, and whether petitioner needed additional time to discuss the matter with his lawyer. (See Ex. A at 10.)

In summary, petitioner indicated, under oath, that he understood the offenses to which he was pleading guilty, that he understood the maximum penalties for those offenses, that he was satisfied with his attorney's representation, that he understood his plea agreement, that he was voluntarily entering into a plea agreement and that he did not need more time to consider whether to plead guilty. (See Ex. A.)

"Absent clear and convincing evidence to the contrary, [petitioner] is bound by the representations he made during the plea colloquy." Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (internal quotations omitted). Petitioner has not offered evidence to challenge his prior statements made under oath. Therefore, plaintiff cannot overcome the Strickland presumption.

As to ground two, the court notes that "withdrawal of a guilty plea is not a matter of right." United States v. Guerra, 2010 WL 4561351, at *2 (4th Cir. 2010) (unpublished) (citing United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000)). A defendant seeking to withdraw his guilty plea "bears the burden of showing a 'fair and just reason' for the withdrawal."

6

_Id._ Plaintiff has shown no evidence that petitioner's appellate counsel was ineffective by failing to move to withdraw his guilty plea.

As to grounds three and four, petitioner asserts that his counsel was ineffective at the resentencing phase. As to petitioner's complaint that his attorney did not call his expert to the stand, the court notes that the expert's report was before the court at re-sentencing and the expert had provided testimony at the original sentencing hearing. Petitioner has failed to show how his attorney's performance was deficient or how the proceedings would have been different had the expert given live testimony.

As to ground four, petitioner alleges his counsel was not prepared for resentencing. However, the record shows that counsel provided the court with a detailed sentencing memorandum, including three separate arguments for retaining the original sentence of 144 months. Counsel also filed several documents reflecting petitioner's activities while in prison. Additionally, counsel filed a letter from petitioner's daughter and a letter from petitioner with the court. Accordingly, the record shows that counsel's performance was more than adequate.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's motion to vacate is DENIED. All other pending motions are deemed moot. Finding no substantial issue for appeal concerning the denial of a constitutional right, a certificate of appealability is not issued. The clerk is directed to close this case.

This 9th day of April 2012.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26